## CHRISTIAN GRO and JOSEPH TOWNSEND *against* The HUNTINGDON BANK.

A creditor who has obtained judgment against the principal, against the indorsers, and against the absolute bail of the principal, and has issued execution and levied upon the land of the principal or of the absolute bail, may, nevertheless have execution of the chattels of the endorsers. Nothing but actual satisfaction can prevent him.

The bare seizing of land in execution to the value of the debt, is not a satisfaction.

WRIT of error to the special Court of Common Pleas of Mifflin county, (*Reed*, president.)

The Huntingdon Bank loaned one thousand dollars to *Robert Burns*, for which they took his note with *Christian Gro* and *Joseph Townsend*, endorsers. To April term, 1817, the bank obtained a judgment against *Robert Burns*, and also to the same term against *Christian Gro* and *Joseph Townsend;* after judgment was obtained against *Robert Burns* the principal, *Hugh Burns*, *John Rothrock* and *James Robinson*, went his absolute bail for the money, in order to obtain the stay of execution for one year. After the year had expired, *Burns, Rothrock* and *Robinson* were sued on the recognizance by the bank, and judgment obtained against them, upon which a *fi. fa.* was issued and levied upon the land of the defendants; an inquisition was held thereon, and it was extended. Subsequently a *fi. fa.* issued upon the judgment against *Christian Gro* and *Joseph Townsend* which was levied upon the land of *Christian Gro*, whose counsel moved the court to set aside the execution on the ground that property of the absolute bail had been levied to an amount sufficient to pay the debt, interest and costs. But the court being of opinion that the bank had a right to proceed against both, until it received satisfaction, refused to set aside the execution against *Christian Gro*, and this writ of error was sued out.

*Fisher* , for the plaintiff in error.

The bank had no right to issue a *fi. fa.* against *Gro*, the endorser, until it had exhausted the judgment, execution and levy of the property of the absolute bail. *Bank of Pennsylvania* v. *Latshaw*, 9 *Serg. & Rawle*, 9. *Hunt* v. *M'Clure*, 2 *Yeates* 387. *Clerk* v. *Withers*, 2 *Ld. Raym.* 1073. *Windham* v. *Withers*, 1 *Strange*, 515. 2 *Wil. Bac. Ab.* 717, *title Execution. Lancaster* v. *Fielder*, 2 *Ld. Raym*, 1451. *Chitty on Bills*, 443. *Hayt* v. *Hudson*, 12 *Johns. Rep.* 207. *Barnet* v. *Washebaugh*, 16 *Serg. & Rawle*, 410. *Commonwealth* v. *Lebo*, 13 *Serg. & Rawle*, 175. *Lawrence* v. *Pond*, 17 *Mass.* 433. *M'Lelland* v. *Whitney*, 15 *Mass* 137. *Ladd* v. *Blunt*, 4 *Mass.* 403. Upon principle, it would be wrong, to permit a plaintiff to take out several executions, and upon each to levy property enough to pay the debt; because if the sheriff levies he must sell; he is commanded

(Christian Gro and Joseph Townsend *v.* The Huntingdon Bank.)

so to do; he has no right to judge or know that two or more executions are to satisfy the same debt.

*Hale,* for defendant in error,

Admitted that a levy upon *personal* property to an amount sufficient to pay the execution, was a discharge of the debt; and that the authorities read on the other side very fully established that rule of law; but still contended, that the idea, that a levy upon land was a satisfaction of the debt, never was printed in a book.

*Fisher,* in reply—read, *M'Culloch* v. *Gitnier,* 1 *Bin.* 214. *Morris* v. *Griffith,* 1 *Yeates,* 189.

PER CURIAM—Levying the lands of bail, is not distinguishable from levying the lands of the principal; so that the question is whether a creditor who has levied the land of the drawer of a note, may nevertheless have execution of the chattels of the endorsers. Nothing but actual satisfaction can prevent him; and accordingly the argument is that a levy is satisfaction. It is clear, however, that the bare seizing of land in execution to the value of the debt, is not so. A condemnation of the land might have given colour to the argument; but the rents and profits having been found sufficient to produce satisfaction in seven years, the creditor was at liberty to proceed to an extent or not, at his election, and having declined to take satisfaction out of the profits, it is clear the debt remains. Whether, however, a mere refusal to stay proceedings be properly the subject of a writ of error, is a point which has not been made, and on which we forbear to intimate an opinion.